Úifia, per

Evans, J.
The defendant was the principal debtor, and the question is, whether a judgment against his security for a smaller sum than he actually owed, with satisfaction of the judgment, is an extinguishment of his note.
It is every day’s practice to sue the makers of a joint and several note separately, and a judgment against one is no bar to an action against another, on the same note. As is said in Drake vs. Mitchell, 3 East, 256, until it be made productive in satisfaction to the party, “it cannot operate to change any other collateral of concurrent remedy which the party may have.” The “judgment is but a security for the original cause of action.’* In Whiteacres vs. Hankinson, Cro. Car. 75, the defendant pleaded that one Wood-rich was jointly bound with him ;.that he had been sued and taken in execution, and the sheriff had permitted him to escape. It was held “no discharge of the defendant, for execution without satisfaction is no bar. The plaintiff has an action against the sheriff; but this does not deprive him of *630 his remedy against the other obligor ; but it would have been otherwise if the sheriff had permitted him to go at large by the license or command of the plaintiffbecause, in the latter case, it would have been satisfaction of the debt. I take it to be very clear, that the plaintiff is not estopped from bringing his action against this defendant by his judgment against the other maker of the note. The judgment in that case is a conclusive bar to any other action against the same defendant for the same cause ; yet it is no bar to an action against another who is severally liable, unless the judgment be paid, and then it will avail the defendant, not by way of estoppel, but as payment or satisfaction of the debt. Satisfaction or payment is no bar, unless the whole debt is paid, or something accepted in full of it. For less than this, the defendant is only entitled to a deduction from the debt, for the amount paid, and the plaintiff is entitled to a judgment for the balance. This has been allowed to the appellant, and I think he cannot, in law or justice, ask for more.
The motion is dismissed.
Richardson, O’Neall, Butler, Wardlaw and Frost, JJ. concurred.